BROWN & BIGELOW, Plaintiff, *v.* JOHN J. WALSH et al., Defendants.

Supreme Court, Special Term, New York County, April 1, 1948.

*E. M. Auerbach* for plaintiff.

No appearance for defendants.

*A. Salottolo* for County Clerk of New York County.

EDER, J. Motion is denied. The application is to review and reverse the decision of the taxation officer of the County Clerk who refused to tax costs and disbursements in favor of the plaintiff who applied to enter judgment by default in an action on contract. The sum for which judgment was sought was stated to be under $50. The County Clerk's position was that under the applicable provisions of the Civil Practice Act — sections 1470, 1472 and 1518 thereof — plaintiff was not entitled to tax and recover costs and disbursements.

The action was brought in this court because one of the defendants resided in Suffolk County and a summons issued out of the Municipal Court would have no extraterritorial effect. Plaintiff therefore believes that in the situation mentioned it is entitled to recover costs and disbursements though the recovery was less than $50.

I am of opinion that the position taken by the County Clerk is correct.

Section 1470, entitled " Plaintiff's costs of course ", specifies eleven instances when the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor. Subdivisions 1 to 10, inclusive, are not pertinent here; subdivision 11, is applicable and provides: " 11. An action, other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only."

Section 1472 places a limitation on plaintiff's right to recover costs in certain actions for a sum of money only, and provides: " In an action, other than one of those specified in subdivisions one to ten, both inclusive, of section fourteen hundred and seventy of this act, in which the complaint demands judgment for a sum of money only, the plaintiff is not entitled to costs unless he recovers the sum of fifty dollars or more."

Section 1518 entitled " Disbursements which may be included in bill of costs " provides: " A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: * * *."

It is clear from the explicit language of section 1518 that disbursements can only be awarded to a party " to whom costs are awarded ".

Consequently, no disbursements are recoverable where he is not entitled to costs.

The action herein being on contract comes directly under subdivision 11 of section 1470 which permits plaintiff costs as a matter of course. However, these costs are limited by section 1472, which denies costs where the action comes under subdivision 11 of section 1470 if plaintiff's recovery is less than $50. Here the complaint demanded judgment for $42.33, with appropriate interest, which in the statement for judgment amounted to $2.44, making a total of $44.77. Plaintiff was, therefore, not entitled to tax costs, which it sought to tax in the sum of $38.05, which included disbursements. The plaintiff was not entitled to tax either costs or disbursements, in the circumstances.

The fact that jurisdiction could not be obtained over the defendant residing in Suffolk County, except by commencement of an action in this court, does not confer upon plaintiff a right to recover costs or disbursements.

The statute makes no exception and offers no distinction in the manner by which the action comes before this court; the criterion is the sum of money recovered and it is the decisive and only test, and since the recovery in the instant action was less than $50, neither costs nor disbursements were recoverable or taxable by the plaintiff.

The determination of the taxation officer of the County Clerk is sustained.